Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 156 | DATE | October 23, 2002 |
| CASE TITLE | United Airlines, Inc. v. Melissa Ewers and Association of Flight Attendants, AFL-CIO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants are directed to provide United with information regarding Ewers' interim earnings by November 6, 2002. The parties may submit a proposed judgment order by November 13, 2002. ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | OCT 2 5 2002 | |
| | Notified counsel by telephone. | | date docketed | 49 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in | KAM | |

01-156.022-JCD                                          October 23, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED AIRLINES, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 01 C 156 |
| MELISSA EWERS and ASSOCIATION OF FLIGHT ATTENDANTS, AFL-CIO, | ) |
| Defendants. | ) |

DOCKETED
OCT 25 2002

## MEMORANDUM OPINION

Plaintiff United Airlines, Inc. ("United") brought this action under the Railway Labor Act (the "Labor Act"), 45 U.S.C. § 153 First (q), seeking review of an arbitration award rendered by the United Airlines Flight Attendant System Board of Adjustment in favor of defendants Melissa Ewers and her union, the Association of Flight Attendants, AFL-CIO (the "Union"). Defendants counterclaimed to affirm the award, which ordered, in relevant part:

> The Company shall rescind the discharge of [Ewers], shall reinstate her to employment [as a United flight attendant] within a reasonable period of time after receipt of this award, and shall restore all pay and benefits she would have received but for the discharge. The amount of earnings from interim employment, if any, between the date of discharge and the date of reinstatement, may be taken into account in computing the amount of back pay due.

(Opinion and Award at 17.)

40

We granted defendants' motion for summary judgment. Defendants asked that Ewers be awarded back pay and any other monetary benefits owed by United from the date of discharge to the date of reinstatement, but we indicated that we had a question as to whether there was any issue regarding mitigation of damages. The parties filed cross-briefs and responses on this topic, which we have now reviewed.

United argues that Ewers' damages should be reduced by the amount of interim earnings she obtained from employment in the period between her discharge and reinstatement, by the amount of unemployment compensation she received during that period, and by the amount of earnings she would not have been able to earn during that period due to maternity leave for the birth of her children. United also requests limited discovery regarding the value of these amounts. Defendants, on the other hand, contend that the damages award should be reduced only by $28,652.27, the amount of Ewers' interim earnings since the discharge. Defendants state that Ewers has not received any unemployment benefits since her discharge, and they maintain that the arbitrator's failure to impose a duty to mitigate damages precludes United from seeking offsets related to Ewers' pregnancies.

United discharged Ewers in September 1997. The arbitrator's award was issued in September 2000. United states that it "believes that Ewers gave birth to two children between September

1997 and the present." (Plaintiff's Memorandum at 4.) United fails to specify whether it believes Ewers gave birth to two children before or after the arbitration and award, but it appears that Ewers gave birth to at least one child well before the arbitration hearing that took place in January 2000. See Defendants' Memorandum, Ex. 1, 1998 Individual Tax Return (listing one daughter as a dependent). Yet United failed to argue for an offset at arbitration, even though it was clear that Ewers was seeking reinstatement and back pay. United knew or should have known that the issue of damages was before the arbitrator and thus should have addressed any question of offset. The arbitrator's award did not mention an offset for maternity leave, and we must assume that this failure to mention an offset means that no offset was granted. See International Union of Operating Eng'rs, Local No. 841 v. Murphy Co., 82 F.3d 185, 189-90 (7th Cir. 1996) (holding that an arbitrator's silence on the question of offsets means that no offsets are to be made). United's request for discovery on this issue is denied as moot.

Defendants indicate that Ewers has received no unemployment compensation since her discharge, and they have given United copies of Ewers' W-2 forms (or, where unavailable, a tax return and the W-2 form of Ewers' spouse) to show that her interim earnings were $28,652.27. United requests "limited discovery" on the issue of interim earnings, but does not specify what it needs. We agree

with defendants that W-2 forms or tax returns showing Ewers' earnings are sufficient. It appears that defendants have given United documentation of Ewers' interim earnings for the years 1997-1999, but not for 2000-2002.[1] Therefore, defendants are ordered to provide United with W-2 forms or tax returns showing Ewers' earnings (or showing that Ewers did not have earnings) for those years. Thereafter, the parties should confer with each other regarding a final judgment order that conforms with this opinion, and submit a proposed order to the court.

Defendants are directed to provide United with information regarding Ewers' interim earnings by November 6, 2002. The parties may submit a proposed judgment order by November 13, 2002.

DATE:	October 23, 2002

ENTER:	_____
	John F. Grady, United States District Judge

---

[1] Pursuant to the arbitrator's award, Ewers is entitled to back pay (less earnings from interim employment) from the date of discharge to the date of reinstatement. United has not yet reinstated Ewers.